## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DONALD ROSS**                                        **CIVIL ACTION**

**VERSUS**                                             **NO. 20-2223**

**STATE OF LOUISIANA, ET AL.**                         **SECTION "H"(4)**

### TRANSFER ORDER

Donald Ross filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges the constitutionality of his 1989 Assumption Parish conviction for first degree murder based on alleged newly discovered evidence of his actual innocence.   The Court's records reflect that Ross previously filed two petitions under Section 2254 related to the same conviction.

In the first petition, *Ross v. Cain*, Civ. Action No. 97-0227"H," Ross asserted that his trial counsel was ineffective for failure to object to an improper jury instruction on principals.   The Court dismissed the petition with prejudice as meritless by Judgment entered April 1, 1998.   *Id.* at Rec. Doc. No. 9.   The Judgment was affirmed on appeal by the United States Fifth Circuit Court of Appeals on April 26, 1998.   *Id.* at Rec. Doc. No. 16 (ref. App. No. 98-30330).

Ross filed a second federal habeas petition, *Ross v. Cain*, Civ. Action No. 03-3493"H," challenging the 1989 conviction on grounds of insufficient evidence, *Brady* violations, defective indictment, and ineffective assistance of counsel.   On May 27, 2004, the Court transferred the matter to the Fifth Circuit to consider authorization under 28 U.S.C. § 2244(b)(3)(A) for Ross to proceed with a second or successive petition.   *Id.* at Rec. Doc. No. 3.   The Fifth Circuit denied the request on August 2, 2004.   *Id.* at Rec. Doc. No. 5 (ref. App. No. 04-30532).

The instant petition is considered a prohibited second or successive petition under 28 U.S.C. § 2244.   Before it can be addressed by this Court, Ross must obtain authorization to file a

second or successive petition from the Fifth Circuit by making a prima facie showing to that court of one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(3)(A).

The docket records of the Fifth Circuit do not reflect that Ross has sought or obtained authorization to file this petition.  *Accord*, App. No. 14-31300 (5th Cir. Jan. 14, 2015) (order dismissing Ross's motion to file a second or successive petition for failure to prosecute).  Until such time as Ross has done so, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that Donald Ross's Section 2254 petition is construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether Ross is authorized under 28 U.S.C. § 2244(b) to file this petition.

New Orleans, Louisiana, this 13th day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE